**THE VAN DE VELD LAW OFFICES, P.C.**
Second Floor
123 Hernan Cortes Avenue
Hagåtña, Guam 96910
Office:    (671) 488-0888
Facsimile: (671) 472-2561

**FILED**
**DISTRICT COURT OF GUAM**

**AUG 20 2007**

**JEANNE G. QUINATA**
**Clerk of Court**

**Attorney for Plaintiff:**
**Cyfred, Ltd., Class,**
**Deceptive Acts Subclass**
**Denied Claims Subclass.**

## IN THE DISTRICT COURT OF GUAM

CYFRED, LTD., for itself and on behalf of all
other similarly situated,

              Plaintiffs,

vs.

STEWART TITLE GUARANTY COMPANY
and DOES One (1) through Three hundred
(300), inclusive.

              Defendants.

District Court Of Guam
Civil Case No. _____ **07-00023**

**CLASS ACTION COMPLAINT FOR DAMAGES AND FOR EXEMPLARY DAMAGES.**
[Fraud; Deceit; Conspiracy to Defraud; Involuntary Trust from Fraud; Unjust Enrichment; Negligence; Negligent Misrepresentation; Deceptive Trade Practices; Conspiracy to Commit Deceptive Trade Practices; Racketeering; Breach of Contract; Breach of Implied Covenant of Good Faith and Fair Dealing]

**[JURY TRIAL DEMANDED]**

Plaintiff for itself and on behalf of all other similarly situated Guam consumers who

purchased title insurance policies, or who were denied coverage under title insurance policies,

purchased from Stewart Title Insurance Company by and through its general agent in Guam

Manu Melwani ("Melwani"), which class is more particularly described below, who bring this

# ORIGINAL

CYFRED. LTD et al. Plaintiffs v. STEWART TITLE GUARANTY INSURANCE COMPANY et al, Defendants
CLASS ACTION COMPLAINT.
District Court Civil Case No._____

Case 1:07-cv-00023   Document 1   Filed 08/20/07   Page 1 of 40

Page 1

action by and through their counsel, Curtis Van de veld of **THE VANDEVELD LAW OFFICES, P.C.,** and as claims for relief against defendants allege:

## I. PARTIES

1. Cyfred, Ltd. ("Cyfred") is a Guam corporation doing business in Guam.

2. Plaintiff and the Class are informed and believe and thereon allege that Stewart Title Guaranty Company ("Stewart") is incorporated outside of Guam, and is an insurance company who has been doing business in Guam since January 13th 1993.

3. Plaintiff and the Class are ignorant of the true names and capacities of the defendants sued herein as DOES one (1) through three hundred (300), inclusive and therefore sues these defendants by such fictitious names. Plaintiff and the Class will amend this complaint to allege their true names and capacities when ascertained. Plaintiff and the Class are informed and believe and thereon allege that each of the fictitiously named defendants is responsible as hereinafter shown for the occurrences and injuries alleged in this class action complaint.

## II. JURISDICTION

4. This Court has jurisdiction over the matters alleged herein pursuant to 48 U.S.C. § 1424.

5. This Court has further jurisdiction over matters alleged herein pursuant to 28 U.S.C. § 1332.

6. The majority of defendants are not citizens of Guam and amount in controversy exceeds five million dollars ($5,000,000.00).

7. Venue is proper in this Court since all the transactions referred to herein occurred in Guam.

CYFRED, LTD et al. Plaintiffs v. STEWART TITLE GUARANTY INSURANCE COMPANY et al, Defendants
CLASS ACTION COMPLAINT.
District Court Civil Case No._____.
Case 1:07-cv-00023   Document 1   Filed 08/20/07   Page 2 of 40
Page 2

## III. GENERAL AVERMENTS

8. At all times herein relevant Stewart appointed and used Melwani as its general agent for the purpose of engaging in the business of selling title insurance in Guam.

9. Plaintiff and the Class are informed and believe and thereon allege that Stewart has been authorized to sell title insurance in Guam and has failed to obtain approval from the Guam Banking and Insurance Commissioner or its predecessor ("Commissioner") for all or some its title insurance policy forms, endorsements or exclusions included in its title insurance policies it has sold in Guam to Guam consumers including Plaintiff and the Class.

10. Guam law requires approval of the Commissioner of all insurance policy forms for all insurance sold in Guam to wit:

> It shall be unlawful for an insurer to use a policy form in affecting insurance without first obtaining the Commissioner's approval thereof as provided herein:
> (a)     The Commissioner shall study each form for the purpose of guarding against any fraud, misrepresentation or other forms of unfairness to (sic) the writings of the insured; if he shall approve a form, he shall endorse his approval on the face of both duplicates and transmit one to the insured (sic) and keep one in his permanent files; if he shall disapprove a form, he shall issue an order of disapproval stating therein his reasons and transmit a copy of the same to the insurer.

> 22 G.C.A.§ 18308(a).

11. Stewart has failed to obtain approval from the Commissioner for all or some the insurance rates, rate schedules, rate plans and methods of computing rates for title insurance policies it has sold in Guam since it was authorized to sell insurance in Guam including title policies sold to Plaintiff and members of the Class.

CYFRED, LTD et al. Plaintiffs v. STEWART TITLE GUARANTY INSURANCE COMPANY et al, Defendants
CLASS ACTION COMPLAINT.
District Court Civil Case No:_____.
Case 1:07-cv-00023   Document 1   Filed 08/20/07   Page 3 of 40
Page 3

12. Guam law requires prior approval of the Commissioner for all rates, rates schedules, rate plans and methods of computing rates for any insurance transacted in Guam:

> (a) All rates, rate schedules, rate plans, and methods of computing rates to be applied to any insurance transacted in the Territory of Guam shall be filed in the office of the Commissioner, and before any rates may be charged, advertised, publicized or otherwise represented, they shall have the approval of the Commissioner.
> (b) It shall be unlawful for any insurer to use any rates in violation of the provisions of this section, or to alter, amend or otherwise charge rates without the approval of the Commissioner.
> (c) It shall be unlawful for any insurer to charge any rate for any insurance transacted in Guam other than the rate approved by the Commissioner for such insurer for such risk and class of insurance.
> 22 G.C.A. §18501.

13. As a result of Stewart's violation of the Insurance Law it has been able to make unfair and unconscionable profits from the sale of Stewart's title insurance polices to Guam consumers all as prohibited by 22 G.C.A. § 18501 & § 18502.

14. Stewart knew that if they ignored the Insurance Law and the requirements of 22 G.C.A. § 18501 & § 18502 Stewart could set artificially high rates, as they have, while simultaneously reducing the risks they insure through careful and crafty drafting of policy forms, as Plaintiffs believe they have, and Stewart knew they would, as a result, make extraordinary and unfair profits, as they have, and all prohibited by the laws of Guam.

## IV. SPECIFIC AVERMENTS Re: CYFRED TITLE POLICIES

15. Cyfred on February 17th 2003 purchased a mortgage title insurance policy insuring the title of Cyfred's security interest in a mortgage secured by Lot No. 6, Block No. 1,

CYFRED, LTD et al. Plaintiffs v. STEWART TITLE GUARANTY INSURANCE COMPANY et al, Defendants
CLASS ACTION COMPLAINT.
District Court Civil Case No.
Case 1:07-cv-00023   Document 1   Filed 08/20/07   Page 4 of 40
Page 4

Track 63004, Yigo, Guam with Policy No. M-9994-4534174 and paid Stewart a premium for said title insurance policy.

16. Cyfred on September 5th 2001 purchased a mortgage title insurance policy insuring the title of Cyfred's security interest in a mortgage secured by Lot No. 15, Block No. 1, Track 63004, Yigo, Guam with Policy No. M-9994-4533701 and paid Stewart a premium for said title insurance policy.

17. Cyfred on November 28th 2000 purchased a mortgage title insurance policy insuring the title of Cyfred's security interest in a mortgage secured by Lot No. 22, Block No. 1, Track 63004, Yigo, Guam with Policy No. M-9994-4024524 and paid Stewart a premium for said title insurance policy.

18. Cyfred on February 15th 2001 purchased a mortgage title insurance policy insuring the title of Cyfred's security interest in a mortgage secured by Lot No. 33, Block No. 1, Track 63004, Yigo, Guam with Policy No. M-9994-4024402 and paid Stewart a premium for said title insurance policy.

19. Cyfred on July 26th 2000 purchased a mortgage title insurance policy insuring the title of Cyfred's security interest in a mortgage secured by Lot No. 34, Block No. 1, Track 63004, Yigo, Guam with Policy No. M-9994-4024282 and paid Stewart a premium for said title insurance policy.

20. Cyfred on January 10th 2002 purchased a mortgage title insurance policy insuring the title of Cyfred's security interest in a mortgage secured by Lot No. 36, Block No. 1, Track 63004, Yigo, Guam with Policy No. M-9994-4533840 and paid Stewart a premium for said title insurance policy.

CYFRED, LTD et al. Plaintiffs v. STEWART TITLE GUARANTY INSURANCE COMPANY et al, Defendants
CLASS ACTION COMPLAINT.
District Court Civil Case No._____.

Case 1:07-cv-00023   Document 1   Filed 08/20/07   Page 5 of 40

Page 5

21. Cyfred on November 6th 2000 purchased a mortgage title insurance policy insuring the title of Cyfred's security interest in a mortgage secured by Lot No. 2, Block No. 2, Track 63004, Yigo, Guam with Policy No. M-9994-4024491 and paid Stewart a premium for said title insurance policy.

22. Cyfred on March 11th 2002 purchased a mortgage title insurance policy insuring the title of Cyfred's security interest in a mortgage secured by Lot No. 10, Block No. 2, Track 63004, Yigo, Guam with Policy No. M-9994-4533913 and paid Stewart a premium for said title insurance policy.

23. Cyfred on May 6th 2002 purchased a mortgage title insurance policy insuring the title of Cyfred's security interest in a mortgage secured by Lot No. 9, Block No. 3, Track 63004, Yigo, Guam with Policy No. M-9994-4533969 and paid Stewart a premium for said title insurance policy.

24. Cyfred on May 30th 2000 purchased a mortgage title insurance policy insuring the title of Cyfred's security interest in a mortgage secured by Lot No. 11, Block No. 3, Track 63004, Yigo, Guam with Policy No. M-9994-4024224 and paid Stewart a premium for said title insurance policy.

25. Cyfred on January 22nd 2001 purchased a mortgage title insurance policy insuring the title of Cyfred's security interest in a mortgage secured by Lot No. 1, Block No. 4, Track 63004, Yigo, Guam with Policy No. M-9994-4024403 and paid Stewart a premium for said title insurance policy.

26. Cyfred on May 10th 2000 purchased a mortgage title insurance policy insuring the title of Cyfred's security interest in a mortgage secured by Lot No. 8, Block No. 2, Track

CYFRED, LTD et al. Plaintiffs v. STEWART TITLE GUARANTY INSURANCE COMPANY et al, Defendants
CLASS ACTION COMPLAINT.
District Court Civil Case No._____ Case 1:07-cv-00023 Document 1 Filed 08/20/07 Page 6 of 40
Page 6

63004, Yigo, Guam with Policy No. M-9994-4024199 and paid Stewart a premium for said title insurance policy.

27. Cyfred on October 7th 2002 purchased a mortgage title insurance policy insuring the title of Cyfred's security interest in a mortgage secured by Lot No. 23, Block No. 1, Track 63004, Yigo, Guam with Policy No. M-9994-4534102 and paid Stewart a premium for said title insurance policy.

28. Cyfred on October 4th 2002 purchased a mortgage title insurance policy insuring the title of Cyfred's security interest in a mortgage secured by Lot No. 11, Block No. 4, Track 63004, Yigo, Guam with Policy No. M-9994-4534101 and paid Stewart a premium for said title insurance policy.

29. Cyfred on November 28th 2000 purchased a mortgage title insurance policy insuring the title of Cyfred's security interest in a mortgage secured by Lot No. 22, Block No. 1, Track 63004, Yigo, Guam with Policy No. M-9994-4024524 and paid Stewart a premium for said title insurance policy.

30. The title insurance policies purchased by Cyfred from Stewart as described in paragraphs fifteen (15) through twenty-nine (29) hereinabove shall hereinafter be referred to as the Cyfred Insurance Policies.

31. Stewart sold Cyfred the Cyfred Insurance Policies through its general agent in Guam Melwani and/or PATCO a company owned by Melwani that Melwani used to conduct business in Guam for Stewart's benefit.

32. Stewart did not obtain approval from the Commissioner for the insurance forms, or any part of them, constituting the Cyfred Insurance Policies.

CYFRED, LTD et al. Plaintiffs v. STEWART TITLE GUARANTY INSURANCE COMPANY et al, Defendants
CLASS ACTION COMPLAINT.
District Court Civil Case No:

Case 1:07-cv-00023   Document 1   Filed 08/20/07   Page 7 of 40

Page 7

33. Stewart did not obtain approval from the Commissioner for the insurance premiums charged to Cyfred and collected by Stewart through its general agent Melwani or his company PATCO.

34. Stewart did not obtain approval from the Commissioner for any of the rate schedules, rate plans and methods of computing rates it used for the Cyfred Insurance Policies.

35. Despite Stewart's failure and refusal to comply with the Insurance Law, Cyfred is informed and believes that Stewart filed yearly affidavits of compliance ("Stewart's Affidavits of Compliance") with the Commissioner stating that Stewart was in compliance with the Insurance Law of Guam.

36. Stewart filed the Stewart's Affidavits of Compliance on a yearly basis, signed by two (2) of its officers, even though it knew, and its officers knew, that Stewart was not in compliance with the Insurance Law, and in order to falsely and fraudulently obtain renewals of its license to sell title insurance in Guam, and to conceal its wrongdoing and its violations of the Insurance Law and other laws of Guam and the United States.

37. Stewart never intended to provide Cyfred with mortgage title insurance as it led Cyfred to believe it would under the terms of the Cyfred Insurance Policies and knew that the Cyfred Insurance Policies provided Cyfred with an illusion of insurance coverage and the Cyfred Insurance Policies were therefore unfair under Guam law and illegal.

38. On September 27th 2002 an action was brought against Cyfred in *Kini Sananap et al. v. Cyfred, Ltd. et al.*, Superior Court of Guam, Civil Case Number CV1448-02 ("Sananap Action").

CYFRED, LTD et al. Plaintiffs v. STEWART TITLE GUARANTY INSURANCE COMPANY et al, Defendants
CLASS ACTION COMPLAINT.
District Court Civil Case No._____
Case 1:07-cv-00023   Document 1   Filed 08/20/07   Page 8 of 40
Page 8

39. In response to the Sananap Action Cyfred filed a counterclaim to foreclose its mortgages against all the Plaintiffs in the Sananap Action who were in default of the terms of the promissory notes and mortgages they had issued to Cyfred to secure payment of amounts they owed to Cyfred ("Defaulted Plaintiffs").

40. The Defaulted Plaintiffs filed affirmative defenses to Cyfred's counterclaim to foreclose their defaulted notes and mortgages and asserted in part that Cyfred had conveyed to them defective title when selling them their respective properties and have since then continued to make this assertion.

41. Some of the Defaulted Plaintiffs are mortgagors with Cyfred as Mortgagee for property constituting security under mortgages held by Cyfred and insured by Stewart under the terms of the Cyfred Insurance Policies.

42. The answer to the counterclaim in the Sananap Action implicates the title of the properties insured by the Cyfred Insurance Policies and therefore Cyfred is entitled to a defense and to indemnity from Stewart in the Sananap Action.

43. To legitimately exercise its rights under the Cyfred Insurance Policies on October 4th 2006 Cyfred tendered the defense and requested indemnity from Stewart of the Sananap Action.

44. On October 27th 2007, without a full investigation Stewart denied Cyfred's tender of the defense and request for indemnity of the Sananap Action.

45. In Stewart's denial of coverage letter dated October 27th 2006 Stewart threatened to invoke an illegal arbitration clause contained in each of the title insurance policies it sell in Guam in order to deter Cyfred from pressing its claims for coverage putting

CYFRED, LTD et al. Plaintiffs v. STEWART TITLE GUARANTY INSURANCE COMPANY et al, Defendants
CLASS ACTION COMPLAINT.
District Court Civil Case No.:_____
Case 1:07-cv-00023   Document 1   Filed 08/20/07   Page 9 of 40
Page 9

Cyfred on notice that Stewart intended to maximize the difficulty and expense to Cyfred for pressing its valid claims for coverage.

46. Thereafter, realizing its hopes of avoiding coverage for Cyfred through an illegal arbitration clause had been dashed, then, Stewart deliberately provided Cyfred with a false impression that Stewart would fully and fairly investigate the facts in the Sananap Action. These statements and representations made by Stewart to Cyfred were intended to delay and frustrate Cyfred's efforts to take any legal action against Stewart for its willful failure to provide coverage under the Cyfred Insurance Policies. Stewart engaged in this scheme knowing it did not intend to and did not conduct a thorough and fair investigation in good faith of the facts to reach a fair determination of coverage under the Cyfred Insurance Policies and, all the while, simply intended to create a pretext of doing so in order to minimize its potential legal liability. Had Stewart fully and fairly investigated the facts surrounding the Sananap Action it should have provided Cyfred with title insurance coverage.

47. On June 13th 2007, after an unreasonable delay, Stewart further improperly denied Cyfred's request for a defense and claim for indemnity under the terms of the Cyfred Insurance Policies for the Sananap Action.

48. On December 4th 2006 an action was brought against Cyfred and its assigns in *Yanfag et al. v. Cyfred et al*, Superior Court of Guam Civil Case Number CV1466-06 in an effort to prevent foreclosure of Lot 22, Block 1, Track 63004, Yigo, Guam which title to the property subject of the mortgage was covered by Stewart's Policy No. M-9994-4024524 ("Yanfag Action").

CYFRED, LTD et al. Plaintiffs v. STEWART TITLE GUARANTY INSURANCE COMPANY et al, Defendants
CLASS ACTION COMPLAINT.
District Court Civil Case No: Case 1:07-cv-00023   Document 1   Filed 08/20/07   Page 10 of 40
Page 10

49. On January 17th 2007 Cyfred tendered for a defense and requested indemnity from Stewart for the Yanfag Action. Stewart has not responded to this tender nor conducted any investigations of the tender to determine coverage. If Stewart conducted a full fair investigation in good faith Cyfred would be entitled to coverage under at least one of the Cyfred Policies for the Yanfag Action.

## V. STATUTE OF LIMITATIONS

50. Any applicable statute of limitations has been tolled by the defendants' knowing and active concealment, denial and/or misleading actions with respect to Stewart's failure and refusal to obtain approval of its policy forms and rates, rate schedules, rate plans and methods of computing rates as alleged herein.

51. Plaintiff and the Class have been kept ignorant by defendants of the vital information necessary to the pursuit of the claims alleged herein, without any fault or lack of diligence on their part and could not have reasonably discovered the fact that Stewart had not obtained approvals required by 22 G.C.A. § 18501 & 22 G.C.A. § 18308 for the Cyfred Insurance Policies and title insurance policies purchased by members of the proposed Class from Stewart through its general agent Melwani or his company PATCO.

52. Stewart owed a fiduciary duty to Cyfred and the Class to disclose the true facts surrounding its failure to obtain approval of its policy forms and the premiums, rates, rate schedules and method of computing rates for the title insurance policies Stewart sold to them or under which they were denied coverage. Yet Stewart knowingly, affirmatively, and/or actively concealed the true facts of its non-compliance with 22 G.C.A. § 18308 and 22 G.C.A. §18501 and which concealment is active and ongoing

CYFRED, LTD et al. Plaintiffs v. STEWART TITLE GUARANTY INSURANCE COMPANY et al, Defendants
CLASS ACTION COMPLAINT.
District Court Case 1:07-cv-00023 Document 1 Filed 08/20/07 Page 11 of 40      Page 11

as evidenced by Stewart's Affidavits of Compliance and the yearly filing of said affidavits by Stewart. Furthermore Plaintiffs reasonably relied upon Stewart's knowing affirmative, and/or active concealment. Based on the foregoing defendants are estopped from relying on any statutes of limitation defense to limit Plaintiff and the Class from recovering their full damages for all the injuries that defendants have caused them.

53. The causes of action alleged herein did or will accrue only upon discovery of the full nature and extent of Stewart's failure and refusal to comply with 22 G.C.A. § 18308 and 22 G.C.A. § 18501 and other provisions of Guam's Insurance Law and the full nature and extent of their fraudulent concealment of said violations.

54. Because Stewart took steps to fraudulently conceal its violations of Guam's Insurance Law, Plaintiff and members of the Class did not discover and could not have discovered the true nature of the title insurance policies they had purchased from Stewart through its general agent Melwani or his company PATCO.

## VI. CLASS ALLEGATIONS

### CLASS DEFINITION

55. Plaintiff Cyfred seeks to bring this case as a class action on behalf of itself and all other persons or entities who, from 1994, were issued a title insurance policy or who was denied coverage under a title insurance policy issued to them in Guam by Stewart through Stewart's general agent in Guam, Melwani, or his company PATCO, and which title insurance policies and the premiums charged for them had not been approved by the Commissioner as required by either 22 G.C.A. § 18308 or 22 G.C.A. § 18501 ("Class").

56. The above Class contains two subclasses: a. All members of the Class who made claims for insurance coverage to Stewart and which claims were denied ("Denied Claims Subclass"); and b. All members of the Class who are defined as consumers under the provisions of the Deceptive Trade Practices-Consumer Protection Act ("Deceptive Acts Subclass").

## CLASS EXCLUSIONS

57. Excluded from the class are: a. Each of the Defendants, their subsidiaries, parent companies and affiliates, officers, directors and employees; and b. Francis Gill; and c. Persons or other entities who have settled with and validly released one or more of the defendants in a separate non-class legal proceeding which release was based on the conduct alleged herein.

## NUMEROSITY

58. The Class is so numerous that joinder of all members is impractical. Plaintiff is informed and believes that several hundred persons fall within the definition of the proposed Class as alleged herein above.

## COMMON QUESTIONS OF LAW AND FACT

59. There are questions of law and fact common to the Class including but not limited to:

a. Whether Stewart failed to disclose and fraudulently concealed the fact that the insurance polices sold to the Class had not been approved by the Commissioner under 22 G.C.A. § 18308.

b. Whether Stewart failed to disclose and fraudulently concealed the fact that the premiums charged the Class for insurance polices sold to the Class had not been approved by the Commissioner under 22 G.C.A. § 18501.

CYFRED, LTD et al. Plaintiffs v. STEWART TITLE GUARANTY INSURANCE COMPANY et al, Defendants
CLASS ACTION COMPLAINT.
District Court 07-cv-00023   Case 1:07-cv-00023   Document 1   Filed 08/20/07   Page 13 of 40          Page 13

c. Whether the insurance policies sold by Stewart by and through its general agent provided reduced or illusory insurance coverage or contained illegal provisions because they were not in compliance with 22 G.C.A. § 18308.

d. Whether the premiums charged to the Class for insurance policies sold to them by Stewart were unfair given the risk insured and because these premiums or rates charged had not been approved by the Commissioner as required by 22 G.C.A. § 18501 & § 18502.

e. Whether Defendants actions violated the provision of the Deceptive Trade Practices-Consumer protection Act at 5 G.C.A. Chapter 32 et seq.

f. Whether Defendants actions violated the provisions of the Racketeering Influenced Corrupt Organization Act 18 U.S.C.A. § 1961-1968.

g. Whether Defendants were unjustly enriched from the fraud perpetrated against the Class by selling them unapproved policies and charging unapproved premiums for these policies.

i. Whether Defendants should repay the Class for any amounts they unjustly collected from the Class by selling each of them rigged policies that minimized the insurance offered and maximized the rates charged.

j. Whether the Class should be compensated for the actual and consequential damages caused to them by defendants' conspiracy and actions in violation of the Insurance Law and other laws of Guam and the United States.

## TYPICALITY

60. Plaintiffs' claims are typical of the claims of the Class sharing the same legal theories and facts establishing liability of the Defendants.

CYFRED, LTD et al. Plaintiffs v. STEWART TITLE GUARANTY INSURANCE COMPANY et al, Defendants
CLASS ACTION COMPLAINT.
Case 1:07-cv-00023   Document 1   Filed 08/20/07   Page 14 of 40        Page 14

## ADEQUACY OF REPRESENTATION

61. Plaintiff can and will adequately protect the interests of the Class because Plaintiff is similarly situated with, and has suffered similar injuries as, the members of the Class it seeks to represent. Plaintiff has no interests that conflict with or is antagonistic to the interests of the entire Class. Plaintiff has retained an attorney competent and experienced in class actions who will vigorously prosecute this litigation.

## PREDOMINANCE AND SUPERIORITY

62. A class action is superior to any other available method for the fair and efficient adjudication of the controversy because:

a. Common questions of law and fact predominate over any individual questions that may arise.

b. No member of the Class has a substantial interest in individually controlling the prosecution of a separate action.

c. Upon information and belief, there are no pending lawsuits concerning this controversy.

d. It is desirable to concentrate the litigation in one forum in Guam since the acts complained of all occurred in Guam with witnesses and discovery readily available in Guam in the pretrial stage of the litigation. The resolution of the claims of the Class members in a single forum, and in a single proceeding, would be a fair and efficient means of resolving the issues raised in the litigation.

e. Prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications that would establish incompatible standards of conduct on defendants.

CYFRED, LTD et al. Plaintiffs v. STEWART TITLE GUARANTY INSURANCE COMPANY et al, Defendants
CLASS ACTION COMPLAINT.
District Court of Guam. Civil Case No.

Case 1:07-cv-00023   Document 1   Filed 08/20/07   Page 15 of 40          Page 15

f. The Class is specifically identifiable to facilitate provision of adequate notice and there will be no significant problems managing this case as a class action.

g. Resolution of class members claims in this single class action is superior to resolution of this controversy through the filing of a host of individual actions as a matter of efficiency, consistency and in that it removes economic and other barriers to class members pursuing their claim

## VII. AVERMENTS AS TO CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### FRAUD
### [18 G.C.A. §§ 85307, 85308 & 85309]
### Asserted by the Class

### FRAUDULENT CONCEALMENT/NON-DISCLOSURE

63. Plaintiff and the Class re-allege and incorporate by reference the allegations set forth in each of the preceding paragraphs of this Class Action Complaint.

64. At all times herein relevant Stewart knew that the Cyfred Insurance Policies and the insurance policies they sold to the Class, or under which members of the Class expected and were entitled to coverage, were not in compliance with the requirements of 22 G.C.A. § 18308 and 22 G.C.A. § 18501 and the Insurance Law of Guam and the laws of the United States.

65. Stewart and the other defendants actively and intentionally concealed from and/or failed to disclose to Plaintiff and the Class that the insurance policies they purchased or under which they were denied coverage were not in compliance with 22 G.C.A. § 18308 and 22 G.C.A. § 18501 and the Insurance Law of Guam. In order to perpetuate this concealment, Stewart filed yearly affidavits of compliance affirming its

CYFRED, LTD et al. Plaintiffs v. STEWART TITLE GUARANTY INSURANCE COMPANY et al, Defendants
CLASS ACTION COMPLAINT.
Case 1:07-cv-00023   Document 1   Filed 08/20/07   Page 16 of 40          Page 16

compliance with the Insurance Law of Guam and Cyfred is informed and believes made periodic assertions of compliance as needed to any customer inquiring.

66. Stewart represented to Plaintiff and the Class or led them to believe that the insurance policies they purchased and which were issued by Stewart through its general agent in Guam or under which they were entitled to coverage were in compliance with the laws of Guam.

67. Stewart, when selling the respective policies of insurance to each Class member was under a duty to each member of the Class to inform each of them purchasing an insurance policy from Stewart and to whom they denied coverage that the insurance policies they purchased and the premiums they were charged were illegal, and in violation of 22 G.C.A. § 18308 or 22 G.C.A. § 18501 and the Insurance Law of Guam.

68. Stewart was under a duty to each member of the Class to whom it issued a title insurance policy to inform that customer that the insurance policy they purchased and the premiums they were charged or under which they were denied coverage were illegal and in violation of the Insurance Law of Guam.

69. The facts concealed from and/or not disclosed and/or intentionally misstated as true to Plaintiff and the Class are material facts in that reasonable people would have considered them important in deciding whether or not to purchase the insurance policies issued to them by Stewart and was material in the decision by the Denied Claims Subclass who settled coverage disputes with Stewart in disadvantageous settlements or who abandoned their claims for coverage under title insurance policies issued to them by Stewart.

70. Plaintiffs and the Class justifiably relied to their detriment on the concealed and/or non-disclosed and/or intentionally misstated facts as evidenced by their purchase of unapproved insurance policies and by their payment of illegally billed and collected rates and premiums and their abandonment or consenting to unfavorable settlements of coverage disputes with Stewart. Had Plaintiff and the Class known that the insurance policies issued to them by Stewart, or under which they were denied coverage, were not in compliance with the laws of Guam they would not have purchased said insurance policies or would not have settled their claims or would have pressed their claims for coverage under the terms of said policies.

71. As a direct and proximate result of defendants misconduct Plaintiff and the Class members have suffered actual and consequential damages for which they are entitled to recover.

72. The conduct described herein, the great lengths that defendants have undertaken to conceal their violations of law, the significant sums involved and the length of time over which these illegal actions were perpetrated against Plaintiff and the Class is oppressive, fraudulent and malicious and entitles the Plaintiff and the Class to an award of punitive damages.

73. Plaintiff and the Class further pray for judgment as herein below stated.

## CONSTRUCTIVE FRAUD

74. Plaintiff and the Class re-allege and incorporate by reference the allegations set forth in each of the preceding paragraphs of this Class Action Complaint.

75. Stewart, by selling insurance to each Class member or to persons to whom they denied coverage under said policy was under a fiduciary duty to each member of the Class to

CYFRED, LTD et al. Plaintiffs v. STEWART TITLE GUARANTY INSURANCE COMPANY et al, Defendants
CLASS ACTION COMPLAINT.
Case 1:07-cv-00023 Document 1 Filed 08/20/07 Page 18 of 40    Page 18

whom it issued an insurance policy or whom they denied coverage, to inform each of them that the insurance policies they purchased and the premiums they were charged or under which insurance polices they were denied coverage, were illegal and in violation of the Insurance Law of Guam.

76. Stewart breached its fiduciary duty to the Class by misrepresenting to them that the insurance polices they purchased or under which they were denied coverage were in compliance with the laws of Guam and the United States and gained an advantage for itself, its affiliates and business partners and associates and in doing so, and as a result proximately caused actual and consequential damages to Plaintiff and the Class from said breaches.

77. Stewart's misrepresentations were material and Plaintiff and the Class reasonable relied on said misrepresentations to their prejudice and injury.

78. Plaintiff and the Class pray for judgment as herein below stated.

**SECOND CAUSE OF ACTION**
**FRAUDULENT DECEIT**
**[18 G.C.A. §§ 90102 & 90103 & 90104]**
**Asserted by Denied Claims Subclass**

79. Plaintiff and the Denied Claims Subclass re-allege and incorporate by reference the allegations set forth in each of the preceding paragraphs of this Class Action Complaint.

80. Stewart fraudulently deceived the Denied Claims Subclass into purchasing the insurance policies sold to them. By issuing policies to the Denied Claims Subclass Stewart represented that the insurance policies issued to the Denied Claims Subclass were fair and had been reviewed for fairness by the Commissioner and was fully compliant with the Insurance Law of Guam and therefore provided the Denied Claim

Subclass with insurance coverage when Stewart intended to deny insurance coverage to the Denied Claims Subclass under the title insurance policies issued to them or under which they expected and were entitled to coverage, and that the policies issued to the Denied Claims Subclass or under which they were denied coverage, were unfair and were not in compliance with the Insurance Law of Guam and the laws of the United States.

81. Stewart knew that the insurance policies it issued to the Denied Claims Subclass or under which they were denied coverage provided the Denied Claims Subclass with less insurance coverage for the premiums paid than is required by the laws of Guam and contained other illegal provisions.

82. In furtherance of its deceptions and to fully benefit therefrom, Stewart unjustly and illegally denied claims for compensation, for indemnity, for defense costs and for reimbursement of costs and expenses made by the Denied Claims Subclass and, Plaintiff and the Class are informed and believe, in some instances, procured by deceit and fraud from the Denied Claims Subclass, reimbursement of attorneys fees and costs and partial or general releases of liability.

83. In furtherance of its deceptions and to fully benefit therfrom Plaintiff is informed and believes that Stewart initiated and prosecuted various actions against some members of the Denied Claims Subclass for declaratory relief seeking a declaration that the various members of the Denied Claims Subclass were not entitled to coverage under their respective policies when Stewart knew the insurance policies at issue were illegal, deceptive and fraudulent.

CYFRED, LTD et al. Plaintiffs v. STEWART TITLE GUARANTY INSURANCE COMPANY et al, Defendants
CLASS ACTION COMPLAINT.
District Court of Guam Case 1:07-cv-00023    Document 1    Filed 08/20/07    Page 20 of 40        Page 20

84. Stewart had a duty and obligation to inform the Denied Claims Subclass that the insurance policies issued to them or under which they were denied coverage, would not provide them with fair insurance coverage for the premiums paid and were not in compliance with the Insurance Law of Guam and the laws of the United States.

85. Stewart willfully deceived the Denied Claims Subclass about the true nature and condition of the insurance policies it issued to them, or under which they were denied coverage, so that Stewart could collect illegal rates and premiums from said deceptions and Stewart caused the Denied Claims Subclass to purchase from Stewart insurance policies that provided less coverage for the premium paid than required by the Insurance Law of Guam and to otherwise illegally deny them insurance coverage under said policies.

86. The Denied Claims Subclass purchased their insurance policies from Stewart to provide them or others with insurance coverage for the claims they made against those insurance policies that were denied by Stewart or under which policies they should have been provided with coverage. Stewart induced the Denied Claims Subclass into believing the coverage they expected and were entitled to would be available under the insurance policies they purchased or under which they were entitled to make a claim. The claims presented to Stewart are evidence of the belief by the Denied Claims Subclass that they were entitled to coverage under the insurance policies issued to them by Stewart.

87. The deceptions perpetrated against the Denied Claims Subclass induced each of them to purchase the insurance policies issued to them by Stewart, or induced them into abandoning their claims for coverage or to unfavorably settle their claims for

coverage, and was material to each member of the Denied Claims Subclass's decision to purchase said insurance policies from Stewart or to abandon their claims for coverage or to unfavorably settle or litigate their claims for coverage, and the members of the Denied Claims Subclass reasonably relied on said deceptions.

88. As a direct and proximate cause of said deceptions by Stewart the Denied Claims Subclass has suffered damages and injuries.

89. Due to the continuing nature of the injuries inflicted on the Denied Claims Subclass the willfulness associated with said conduct to inflict these injuries, the pervasive and devious nature of the scheme to deceive the Denied Claims Subclass and Guam consumers into buying insurance policies with less coverage than that required by law, and the willful and pervasive and consistent failure to comply with Guam law in issuing insurance policies to Guam consumers the Denied Claims Subclass should be awarded punitive damages against Insurer Defendants to be jointly and severally assessed and paid by them.

90. Wherefore the Denied Claims Subclass pray judgment as herein below stated.

### THIRD CAUSE OF ACTION
### CONSPIRACY TO DEFRAUD
### Asserted by the Class

91. Plaintiff and the proposed Class re-allege and incorporate by reference the allegations set forth in each of the preceding paragraphs of this Class Action Complaint.

92. The defendants and each of them, one with the other, conspired and agreed to engage in a course of conduct that would deceive and defraud Plaintiff and the Class members of insurance premiums paid to Stewart, and to deny them insurance coverage by conspiring to issue title insurance policies in violation of Guam law.

CYFRED, LTD et al. Plaintiffs v. STEWART TITLE GUARANTY INSURANCE COMPANY et al, Defendants
CLASS ACTION COMPLAINT.
District Court 07-cv-00023  Document 1  Filed 08/20/07  Page 22 of 40          Page 22

93. Defendants undertook the actions hereinabove alleged as overt acts in furtherance of said conspiracy.

94. Said conspiracy to defraud has proximately caused injury and damages to Plaintiff and the proposed Class.

95. Wherefore Plaintiff and Class members pray judgment as herein below stated.

### FOURTH CAUSE OF ACTION
### INVOLUNTARY TRUST FROM FRAUD
### [18 G.C.A. §§65109 & 65110]
### Asserted by the Class

96. Plaintiff and the Class re-allege and incorporate by reference the allegations set forth in each of the preceding paragraphs of this Class Action Complaint.

97. Stewart has, by performing the acts alleged herein, committed fraud or other wrongful acts against Plaintiff and the Class and thereby acquired from them premium payments or has denied them insurance coverage.

98. Said premiums paid to Stewart are held in trust by Stewart as involuntary trustee for Plaintiff and Class members, who paid said premiums and which premiums are owned by the Plaintiff and Class member who paid said insurance premiums and said premiums should therefore be returned to them by Stewart including interest thereon from the time they were collected.

99. Wherefore Plaintiff and the Class pray judgment as herein below stated.

### FIFTH CAUSE OF ACTION
### UNJUST ENRICHMENT
### Asserted by the Class

100.      Plaintiff and the Class excluding the re-allege and incorporate by reference the allegations set forth in each of the preceding paragraphs of this Class Action Complaint.

101.    For the reasons set forth hereinabove defendants have profited unjustly from their unlawful and unjust actions and have been unjustly enriched at the expense of Plaintiff and the Class.

102.    Defendants have further profited by reducing or eliminating government oversight over their activities and have further profited by investing and profiting from the illegal gains obtained from Plaintiff and the Class. This has provided defendants extraordinary and unconscionable profits directly resulting from their illegal and immoral, unjust activities.

103.    It would be unfair and unjust for defendants to keep the profits and gains they have accumulated as a result of their unjust, wrongful and illegal activities.

104.    Accordingly Plaintiff and the Class seek an order establishing defendants as constructive trustee of any insurance premiums or any part of them paid to them or received by them and any reinvested profits of or from premiums that have accrued and compounded to defendants and that defendants be required to disgorge said funds to Plaintiff and members of the Class.

105.    Wherefore Plaintiff and the Class pray judgment as herein below stated.

### SIXTH CAUSE OF ACTION
### NEGLIGENT FAILURE TO COMPLY WITH THE INSURANCE LAW
### [18 G.C.A. § 90107]
### Asserted by the Class

106.    Plaintiff and the Class re-allege and incorporate by reference the allegations set forth in each of the preceding paragraphs of this Class Action Complaint.

107.    Stewart was under a duty owed to Plaintiff and to each Class member to whom they issued an insurance policy, or who requested and was denied coverage under a

CYFRED, LTD et al. Plaintiffs v. STEWART TITLE GUARANTY INSURANCE COMPANY et al, Defendants
CLASS ACTION COMPLAINT.
Case 1:07-cv-00023   Document 1   Filed 08/20/07   Page 24 of 40          Page 24

policy issued by them, to comply with the Insurance Law and specifically to obtain the requisite approvals under 22 G.C.A. § 18501 and 22 G.C.A. § 18308.

108.     Stewart breached the duty owed to Plaintiff and to each member of the Class by negligently failing to obtain the approvals required by 22 G.C.A. § 18501 and 22 G.C.A. § 18308 and to otherwise comply with the Insurance Law for each policy that Stewart sold to them.

109.     Stewart's material breach of its duty to comply with the Insurance Law owed to Plaintiff and to each member of the Class to whom it issued an insurance policy or who was denied coverage under a policy issued by Stewart, has proximately caused each of them damages and injury.

110.     Wherefore Plaintiff and Class members pray judgment as herein below stated.

**SEVENTH CAUSE OF ACTION**
**NEGLIGENT MISREPESENTATION**
**[18 G.C.A. § 90107]**
**Asserted by the Class**

111.     Plaintiff and the Class re-allege and incorporate by reference the allegations set forth in each of the preceding paragraphs of this Class Action Complaint.

112.     Stewart was under a duty owed to each Plaintiff and to each Class member to whom it issued an insurance policy or under which they were denied coverage, to inform them that the insurance policy issued to them or under which they were denied coverage, was not in compliance with the Insurance Law and specifically had not obtained requisite approvals under either 22 G.C.A. § 18501 or 22 G.C.A. § 18308.

113.     Stewart breached the duty owed to Plaintiff and to each member of the Class by negligently failing to inform them that the insurance policies issued to them, or under which they were denied coverage, had not obtained the required approvals under

CYFRED, LTD et al. Plaintiffs v. STEWART TITLE GUARANTY INSURANCE COMPANY et al, Defendants
**CLASS ACTION COMPLAINT.**
Case 1:07-cv-00023   Document 1   Filed 08/20/07   Page 25 of 40          Page 25

either 22 G.C.A. § 18501 or 22 G.C.A. § 18308 or to otherwise comply with the Insurance Law.

114. Stewart's negligent material breach of its duty to inform Plaintiff and each member of the Class to whom it issued an insurance policy, or under which they were denied insurance coverage, were not in compliance with the Insurance Law has proximately caused each of them damages and injury.

115. Wherefore Plaintiff and Class members pray judgment as herein below stated.

## EIGHTH CAUSE OF ACTION
## DECEPTIVE TRADE PRACTICES-CONSUMER PROTECTION ACT
### [5 G.C.A. Chapter 32]
### Asserted by the Deceptive Acts Subclass

116. The Deceptive Acts Subclass re-alleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Class Action Complaint.

117. At all times herein relevant Stewart was a merchant of insurance policies as defined by the Deceptive Trade Practices-Consumer Protection Act.

118. At all times herein relevant the Deceptive Acts Subclass were consumers as defined by the Deceptive Trade Practices-Consumer Protection Act of Guam.

119. At all times herein relevant insurance policies purchased by the Deceptive Acts Subclass or under which they were denied insurance coverage from Stewart were purchased for the protection of persons or property and were goods subject to the provisions of the Deceptive Trade Practices-Consumer Protection Act of Guam.

120. At all times herein relevant, by undertaking and performing the acts alleged herein, defendants caused confusion as to the sponsorship, approval or certification of the insurance policies Stewart issued to each member of the Deceptive Acts Subclass

CYFRED, LTD et al. Plaintiffs v. STEWART TITLE GUARANTY INSURANCE COMPANY et al, Defendants
CLASS ACTION COMPLAINT.
Case 1:07-cv-00023   Document 1   Filed 08/20/07   Page 26 of 40      Page 26

or under which the Deceptive Acts Subclass expected and were entitled to coverage in violation of 5 G.C.A. 32201(b)(2).

121. At all times herein relevant, by undertaking and performing the acts alleged herein, Stewart represented to the Deceptive Acts Subclass that the insurance policies they issued to the them or under which they expected and were denied insurance coverage had sponsorship, approval, characteristics, benefits which they did not have all in violation of 5 G.C.A. § 32201(b)(5).

122. At all times herein relevant, by undertaking and performing the acts alleged herein, Stewart charged or attempted to charge various members of the Deceptive Acts Subclass premiums or rates for each policy it issued to them, for fair insurance coverage of all claims implicating title to be made under said polices that it did not provide, or not to be provided to them all in violation of 5 G.C.A. § 32201 (b)(10).

123. At all times herein relevant, by undertaking and performing the acts alleged herein, Stewart knowingly represented that the insurance policies it issued to Deceptive Acts Subclass were of a particular standard, quality, or grade when it knew they were not, all in violation of 5 G.C.A. § 32201(c)(1).

124. At all times herein relevant, by undertaking and performing the acts alleged herein, Stewart advertised the insurance policies they issued to Deceptive Acts Subclass with the intent **not** to sell them as advertised. 5 G.C.A. § 32201 (c)(3).

125. At all times herein relevant, by undertaking and performing the acts alleged herein, Stewart failed to disclose information concerning the insurance polices they issued to the Deceptive Acts Subclass which was known to Stewart at the time it issued the insurance policies to each member of the Deceptive Acts Subclass and that

this failure to disclose such information was intended to induce the members of the Deceptive Acts Subclass into purchasing the insurance policies they purchased and had they known the full nature of Stewart's non-compliance with the Insurance Law the members of the Deceptive Acts Subclass would not have purchased the insurance policies they were induced to purchase, all in violation of 5 G.C.A. § 32201(c)(17).

126.    At all times herein relevant, by undertaking and performing the acts alleged herein, Stewart knowingly represented that the insurance policies it issued to the Deceptive Acts Subclass conferred or involved rights, remedies, or obligations which they did not have or involve all in violation of 5 G.C.A. § 32201(b)(22).

127.    At all times herein relevant, by undertaking and performing the acts alleged herein, Stewart knowingly sold or offered to sell insurance policies to members of the Deceptive Acts Subclass which were not in compliance with the Insurance Law and which they therefore had no right to sell, all in violation of 5 G.C.A. § 32201(b)(22).

128.    At all times herein relevant, by undertaking and performing the acts alleged herein, Stewart knowingly made false statements of fact of the results of the Deceptive Acts Subclass purchasing the insurance policies issued to them, or the insurance coverage requested by them or that they were entitled to, that the insurance policies issued to them were in compliance with the Insurance Law or that the members of Deceptive Acts Subclass did not have insurance coverage all in violation of 5 G.C.A. § 32201(b)(25).

129.    At all times herein relevant, by undertaking and performing the acts alleged herein, Stewart violated the laws of Guam to mislead the Deceptive Acts Subclass to each of their detriment or to induce each of the Deceptive Acts Subclass to purchase

CYFRED, LTD et al. Plaintiffs v. STEWART TITLE GUARANTY INSURANCE COMPANY et al, Defendants
CLASS ACTION COMPLAINT.
Discontinued on 40. Case 1:07-cv-00023    Document 1    Filed 08/20/07    Page 28 of 40        Page 28

insurance policies or abandon their claims for coverage from Stewart to their detriment. 5 G.C.A. § 32201(b)(29).

130.    The deceptions alleged in these violations of the Deceptive Trade Practices-Consumer Protection Act were knowingly committed as part of Stewart's regular business practice warranting the award of three (3) times the actual damages suffered by the Deceptive Acts Subclass and are entitled to a reimbursement of attorneys fees and costs incurred in the prosecution hereof.

131.    Wherefore the Deceptive Acts Subclass and pray for judgment as herein below stated.

### NINTH CAUSE OF ACTION
### CONSPIRACY TO COMMIT VIOLATIONS OF
### DECEPTIVE TRADE PRACTICES-CONSUMER PROTECTION ACT
### [5 G.C.A. Chapter 32]
### Asserted by the Deceptive Acts Subclass

132.    The Deceptive Acts Subclass re-alleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Class Action Complaint.

133.    At all times herein relevant two (2) or more of the defendants formed an agreement to violate the Deceptive Trade Practices-Consumer Protection Act as alleged in the Eighth Cause of Action stated herein above, and each of the defendants joined in or participated in this plan and agreement and undertook the acts alleged herein as overt acts in furtherance of said conspiracy and agreement to violate Guam's Deceptive Trade Practices-Consumer Protection Act.

134.    The deceptions alleged in these violations of the Deceptive Trade Practices-Consumer Protection Act were knowingly committed as part of defendants regular

CYFRED, LTD et al. Plaintiffs v. STEWART TITLE GUARANTY INSURANCE COMPANY et al, Defendants
CLASS ACTION COMPLAINT.
District Court of Guam   Case 1:07-cv-00023   Document 1   Filed 08/20/07   Page 29 of 40        Page 29

business practice warranting the award of three (3) times the actual damages suffered by the Deceptive Acts Subclass and the Deceptive Acts Subclass is entitled to a reimbursement of attorneys fees and costs incurred in the prosecution hereof.

135.     Wherefore the Deceptive Acts Subclass prays for judgment as herein below stated.

## TENTH CAUSE OF ACTION
## RACKETEERING INFLUENCED AND CORRUPT ORGANIZATION
### [18 U.S.C. § 1962(a), 1962(c) & 1962(d)]
### Asserted by the Class
## RACKETEERING ENTERPRISE

136.     Plaintiff and the Class re-allege and incorporate by reference the allegations set forth in each of the preceding paragraphs of this Class Action Complaint.

137.     Defendants and each of them, by engaging in the actions alleged herein, agreed to maintain an interest in, or control of an enterprise in a hierarchical structure, or to participate in the affairs of a hierarchical enterprise through a pattern of racketeering activity through Stewart's general agent in Guam and his company PATCO to sell unapproved illegal title insurance policies and to collect unapproved illegal insurance premiums in Guam.

138.     Stewart knew that Melwani and/or his company PATCO were delivering extraordinarily high profits to Stewart from its racketeering activities in Guam in the business of selling title insurance in Guam. Stewart knew that Melwani and/or through his company PATCO were selling title insurance polices for Stewart and charging premiums in Guam not approved under either 22 G.C.A § 18501 and 22 G.C.A § 18308 or were in violation of other provisions of the Insurance Law of Guam and

CYFRED, LTD et al. Plaintiffs v. STEWART TITLE GUARANTY INSURANCE COMPANY et al, Defendants
CLASS ACTION COMPLAINT.
District Court of Guam     Case 1:07-cv-00023     Document 1     Filed 08/20/07     Page 30 of 40          Page 30

Stewart consented to and promoted said illegal activities by Melwani and or his company PATCO on its behalf.

139.     Stewart consented to Melwani and/or his company PATCO's use of the mails and telephones in order to sell Stewart's illegal title insurance policies in Guam for each policy sold by Melwani and or his company PATCO and to collect premiums owed for the illegal title policies sold.

140.     For each calendar year after Stewart has been authorized to do business in Guam, Stewart filed false affidavits of compliance with the Commissioner as part of and to promote Stewart's scheme to collect illegal title insurance premiums from Plaintiff and the Class. Each year Stewart used the mails and telephones to coordinate and file said false affidavits of compliance which Plaintiff and the Class are informed and believe were filed in Guam each year by delivering the original through the United States Mail to Stewart's general agent Melwani or his company PATCO.

141.     The enterprise established by Stewart was organized around Melwani and his company PATCO in a hierarchical structure with Stewart exerting control over the enterprise and over Melwani for the purpose of cheating consumers on Guam by using means at Melwani's disposal such as his company PATCO all in a continuing effort to sell illegal title insurance polices for Stewart and to collect for Stewart illegal title insurance premium payments.

142.     Stewart has been continuously operating this racketeering enterprise since prior to 1994 in a related and connected effort to profit from the sale of illegal title insurance policies in Guam and is a continuing racketeering enterprise likely to continue into the indefinite future absent the Court's intervention, and this illegal

CYFRED, LTD et al. Plaintiffs v. STEWART TITLE GUARANTY INSURANCE COMPANY et al, Defendants
CLASS ACTION COMPLAINT.
Case 1:07-cv-00023   Document 1   Filed 08/20/07   Page 31 of 40          Page 31

racketeering enterprise has caused injury and damages to hundreds of Guam Consumers including Plaintiff and the Class and the activities of Stewart, as alleged herein, is part and parcel of the normal business activities of its racketeering enterprise.

143.     Defendants and each of them have contributed to and supported Stewart in its efforts to perpetrate this continuing racketeering enterprise to cheat the consumers of Guam Plaintiffs and the Class and are jointly and severally responsible for all the injury and damages caused by them to Plaintiff and the Class.

144.     Defendants have willfully engaged in the above racketeering activities against Plaintiff and the Class over a significant period of time, and have profited greatly from their activities and inflicted much economic suffering on the entire community of Guam on Plaintiff and the Class from their activities. Therefore the trebling of any damages caused by Defendants is warranted along with an award of attorney's fees and costs that should be jointly and severally paid by defendants.

145.     Wherefore Plaintiff and the Class pay for judgment as herein below stated.

## CONSPIRACY TO ENGAGE IN RACKETEERING

146.     Plaintiff and the Class re-allege and incorporate by reference the allegations set forth in each of the preceding paragraphs of this Class Action Complaint.

147.     The Defendants and each of them agreed to maintain an interest in or control of an enterprise or to participate in the affairs of an enterprise through a pattern of racketeering, and the defendants and each of them further agreed that individuals in the racketeering enterprise would use the United States Mail and telephones to sell illegal title insurance polices and collect illegal title insurance premiums from Plaintiff

and the Class in violation of the laws of Guam and the United States and performed as overt acts in furtherance of said conspiracy the acts as alleged herein all proximately causing injury and damages to Plaintiff and the Class.

148.     Defendants have willfully engaged in the above conspiracy to engage in racketeering activities against Plaintiff and the Class over a significant period of time, and have profited greatly from their activities and inflicted much economic suffering on the entire community of Guam and Plaintiffs and the Class from their activities. Therefore the trebling of any damages caused by Defendants is warranted along with an award of attorney's fees and costs that should be jointly and severally paid by defendants.

149.     Wherefore Plaintiff and the Class pay for judgment as herein below stated.

## EMPLOYMENT IN A RACKETEERING ENTERPRISE

150.     Plaintiff and the Class re-allege and incorporate by reference the allegations set forth in each of the preceding paragraphs of this Class Action Complaint.

151.     Various shareholders, directors, officers, of Stewart and some of the Doe defendants and their affiliated or related businesses have directed or managed the racketeering enterprise alleged herein which has proximately caused damages and injury to Plaintiffs and the Class.

152.     When Plaintiff and the Class become aware through pretrial discovery of their identities and full nature of their participation, Plaintiff and the Class will designate them individually as defendants as to this cause of action.

153.     Defendants have willfully been employed in a racketeering enterprise or benefited from it and have been engaged in racketeering activities against Plaintiff and

CYFRED, LTD et al. Plaintiffs v. STEWART TITLE GUARANTY INSURANCE COMPANY et al, Defendants
CLASS ACTION COMPLAINT.
District Court of Guam Case 1:07-cv-00023    Document 1    Filed 08/20/07    Page 33 of 40        Page 33

the Class over a significant period of time, and have profited greatly from their activities and inflicted much economic suffering on the entire community of Guam and Plaintiffs and the Class from their activities. Therefore the trebling of any damages caused by Defendants is warranted along with an award of attorneys' fees and costs that should be jointly and severally paid by defendants.

154.     Wherefore Plaintiff and the Class pay for judgment as herein below stated.

## INVESTMENT OF RACKETEERING PROFITS

155.     Plaintiff and the Class re-allege and incorporate by reference the allegations set forth in each of the preceding paragraphs of this Class Action Complaint.

156.     Defendants and each of them have invested income derived from a pattern of racketeering activities they have perpetrated against Plaintiff and the Class, as said activities are described herein, and have earned significant annual returns from said investments and compounded their earnings by reinvesting said proceeds for a period of years.

157.     Said illegal income and profits should be disgorged and paid to Plaintiff and to the Class.

158.     Wherefore Plaintiff and the Class pray for judgment as herein below stated.

## ELEVENTH CAUSE OF ACTION
## BREACH OF CONTRACT
### Asserted by the Plaintiff

159.     Plaintiff re-alleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Class Action Complaint.

CYFRED, LTD et al. Plaintiffs v. STEWART TITLE GUARANTY INSURANCE COMPANY et al, Defendants
CLASS ACTION COMPLAINT.
Dis Case 1:07-cv-00023   Document 1   Filed 08/20/07   Page 34 of 40          Page 34

160.     Defendant Stewart had a duty to provide Cyfred with title insurance coverage as requested by Cyfred in its tenders of defense and requests for indemnity for the Sananap Action and Yanfag Action.

161.     Stewart has failed and refused to perform its obligations set forth in the Cyfred Insurance Policies in that Stewart, knowing trial was imminent in the Sananap Action and that Cyfred was incurring significant defense costs, haphazardly investigated Cyfred's claim and delayed responding to the claims for defense and indemnity and ultimately refused to provide Cyfred with a defense as Cyfred had requested for the Sananap Action and Yanfag Action.

162.     As a direct and proximate result of Stewart's breach of its contractual duties, Cyfred has incurred defense costs that are continuing and which costs have made it impossible for Cyfred to adequately litigate the claims in the Yanfag Action and Sananap Action exposing Cyfred to the risk of incurring significant judgments against Cyfred or impairing Cyfred's ability to challenge the existing judgment against Cyfred in the Sananap Action and has exposed Cyfred to other consequential damages.

163.     Wherefore Plaintiff prays for judgment as herein below stated.

## TWLEFTH CAUSE OF ACTION
## BREACH OF IMPLIED COVENANT OF
## GOOD FAITH AND FAIR DEALING
### Asserted by the Plaintiff

164.     Plaintiff re-alleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Class Action Complaint.

CYFRED, LTD et al. Plaintiffs v. STEWART TITLE GUARANTY INSURANCE COMPANY et al, Defendants
CLASS ACTION COMPLAINT.
Case 1:07-cv-00023     Document 1     Filed 08/20/07     Page 35 of 40          Page 35

165. Defendant Stewart, at all material times stated herein, had a duty to act fairly and in good faith to Cyfred in carrying out its responsibilities under each of the Cyfred Insurance Policies.

166. Implicit in defendant Stewart's obligations to act fairly and in good faith to Cyfred was its obligation to sell Cyfred insurance policies and charge insurance premiums approved by the Commissioner and to ensure that the Cyfred Insurance Policies should have otherwise complied with Guam law.

167. Stewart had a further duty of good faith and fair dealing implicit in the Cyfred Insurance Policies to fairly and comprehensively investigate claims made by Cyfred for a defense and for indemnity in the Sananap Action and the Yanfag Action.

168. Stewart breached its implicit duty of good faith and fair dealing owed to Cyfred by: a. Failing to promptly, adequately and fairly investigate and provide fair coverage for the Sananap Action before denying Cyfred's tender of defense and request for indemnity even though Stewart knew that the Cyfred Insurance Policies were not in compliance with 22 G.C.A. § 18501 and 22 G.C.A. § 18308 and the Insurance Law of Guam and that the Cyfred Insurance Policies terms were unfair and the premiums paid by Cyfred for said insurance policies were unfair and that Cyfred expected title insurance coverage and was entitled to it; and b. By failing to promptly respond to Cyfred's communications and to its tender of defense and request for indemnity in an effort to delay, impede, discourage and thwart Cyfred from pressing its claims for a defense and for indemnity to which it was entitled under the Cyfred Insurance Policies; and c. By failing to provide Cyfred any response to its tender of defense and request for indemnity for the Yanfag Action; and d. By leading Cyfred to

CYFRED, LTD et al. Plaintiffs v. STEWART TITLE GUARANTY INSURANCE COMPANY et al, Defendants
CLASS ACTION COMPLAINT.
District Court 07-cv-00023   Document 1   Filed 08/20/07   Page 36 of 40        Page 36

believe that Stewart, after initially and summarily denying its tender of defense and request for indemnity on October 27th 2006, was fairly and fully investigating the facts in good faith in the Sananap Action when in fact, Stewart was delaying and devising a pretext that it was investigating fairly all in a ruse and charade to attempt to limit Stewart's liability to Cyfred and to deter Cyfred from pressing its claims for insurance coverage from Stewart.

169.    In committing the acts alleged herein Stewart has acted with oppression, fraud, unconscionability and with malicious intent and purpose. All the alleged acts were performed or ratified by Stewart's managerial employees or its agents and all of whom acted with knowledge that they would cause harm to Cyfred and intended to do so. Cyfred is therefore entitled to an award of punitive damages to be assessed against Stewart in a sufficient amount to deter and prevent it from engaging in future similar egregious unconscionable conduct.

170.    Wherefore Plaintiff Cyfred prays judgment as herein below stated.

### THIRTEENTH CAUSE OF ACTION
### BREACH OF IMPLIED COVENANT OF
### GOOD FAITH AND FAIR DEALING
### Asserted by the Class

171.    Plaintiff and the Class re-allege and incorporate by reference the allegations set forth in each of the preceding paragraphs of this Class Action Complaint.

172.    Stewart at all material times stated herein, had a duty to act fairly and in good faith to Plaintiff and the Class.

173.    Implicit in defendant Stewart's obligations to act fairly and in good faith to Plaintiff and the Class were its obligation to sell Plaintiff and the Class insurance policies and charge insurance premiums approved by the Commissioner and which

insurance policies should have otherwise complied with Guam law. Stewart breached this duty of good faith and fair dealing by issuing the Plaintiff and the Class members who bought insurance policies from Stewart, title insurance policies that were unfair and in violation of the laws of Guam.

174.     Stewart had a further duty of good faith and fair dealing implicit to the Denied Claim Subclass to fairly and comprehensively investigate claims made by the Denied Claims Subclass for compensation, for indemnity and for a defense.

175.     Stewart breached the implicit duty of good faith and fair dealing owed by them to the Denied Claims Subclass by denying their claims for compensation, tender of defense, request for indemnity and for reimbursement of attorney's fees and costs by Stewart enforcing what it knew were illegal policies that were unfair to the Denied Claims Subclass and by, Plaintiff and the Class believe, in some instances, requiring the Denied Claims Subclass to reimburse Stewart for attorneys fees and costs Stewart incurred to enforce denial of benefits by enforcing the terms and conditions of coverage of illegal and unfair policy terms.

176.     As a direct and proximate result of Stewart's breaches of its obligations owed to the Plaintiff and to the Class they have suffered damages.

177.     As a direct and proximate result of Stewart's breaches of its obligations owed to the Denied Claims Subclass they have suffered additional damages and injuries aggravated by Stewart's illegal conduct including but not limited to attorney's fees and costs incurred and some members of the Denied Claims Subclass have been required to pay judgments or other amounts they should not have been required to pay

CYFRED, LTD et al. Plaintiffs v. STEWART TITLE GUARANTY INSURANCE COMPANY et al, Defendants
**CLASS ACTION COMPLAINT.**
District Court: 07-cv-00023    Document 1    Filed 08/20/07    Page 38 of 40        Page 38

and which should have been indemnified by Stewart for all of which the Denied Claims Subclass is entitled to reimbursement and compensation.

178.     In committing the acts alleged herein Stewart acted with oppression, unconscionability, fraud and malice. All the acts alleged herein were committed by Stewart's managerial employees or with their knowledge and they acted knowing that their actions would cause harm to Plaintiff, the Class and with extra harm and injury to the Denied Claims Subclass.

179.     Wherefore Plaintiff the Class and the Denied Claims Subclass pray judgment as herein below stated.

**WHEREFORE**, Plaintiff and the Class pray judgment from this Court as follows:

1. For monetary damages, including but not limited compensatory damages, incidental or consequential damages commensurate with proof at trial owed to Plaintiff and the Class the Deceptive Acts Subclass the Denied Claims Subclass; and

2. For treble the compensatory damages owed to Plaintiffs and the Class the Deceptive Acts Subclass the Denied Claims Subclass and according to proof presented at trial; and

3. For an order enjoining defendants from failing and refusing to make full restitution of all moneys wrongfully obtained by them and money wrongfully obtained by them from reinvesting their ill gotten gains as such ill gotten gains has been compounded since 1994 to the present and which the defendants obtained as a result of the conduct described herein and to the extent consistent with enforcement of the contracts of title insurance Stewart issued to the Denied Claims Subclass; and

CYFRED, LTD et al. Plaintiffs v. STEWART TITLE GUARANTY INSURANCE COMPANY et al, Defendants
CLASS ACTION COMPLAINT.
Case 1:07-cv-00023   Document 1   Filed 08/20/07   Page 39 of 40          Page 39

4. For the imposition of an asset freeze and constructive trust over all moneys unlawfully obtained through defendants unfair, unlawful, deceptive, fraudulent, antitrust and racketeering activities which, if defendants are allowed to retain, would unjustly enrich them and to the extent consistent with enforcement of the title insurance policy contracts issued by Stewart to the Denied Claims Subclass; and

5. An order that Defendants must make full restitution to Plaintiffs the Class, the Deceptive Acts Subclass of all their ill gotten gains including any reinvestment profits compounded since 1994, all according to proof presented at trial and to the extent consistent with enforcement of the title insurance policies purchased by the Denied Claims Subclass; and

6. For punitive damages in accordance with proof at trial in such an amount as will deter defendants from such similar future egregious and unconscionable conduct; and

7. For an award of attorneys fees; and

8. For an award of costs and disbursements; and

9. For such other and further relief deemed appropriate, just and proper by this Court.

## DEMAND FOR JURY TRIAL

Plaintiffs and the Class and the Deceptive Acts Subclass the Denied Claims Subclass demand a jury trial in this action for all claims so triable.

Dated this 17th day of August 2007.

THE VANDEVELD LAW OFFICES, P.C.

CURTIS C. VAN DE VELD
Counsel for Plaintiff, for the Class,
for the Deceptive Acts Subclass, for the
Denied Claim Subclass

CYFRED, LTD et al. Plaintiffs v. STEWART TITLE GUARANTY INSURANCE COMPANY et al, Defendants
CLASS ACTION COMPLAINT.
District Court 1:07-cv-00023   Document 1   Filed 08/20/07   Page 40 of 40        Page 40